UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DEON D. COATES, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 12-245-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| SHANNON WITHERS, Acting Warden, | ) | **ORDER** |
| United States Penitentiary-McCreary, | ) | |
| | | |
| Respondent. | | |

\*\*   \*\*   \*\*   \*\*   \*\*

Deon D. Coates is formerly an inmate in the United States Penitentiary-McCreary in Pine Knot, Kentucky.[1]  While confined at USP-McCreary,[2] Coates, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the decision of the United States Parole Commission ("USPC") not to release him on parole following the parole hearing on April 24, 2012.  Coates requests an Order from the Court directing the USPC to release him on parole.

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).  The Court evaluates

---

[1] When Coates filed this proceeding, J. C. Holland was the Warden of USP-McCreary.  The current Acting Warden of USP-McCreary is Shannon Withers.  Accordingly, the Clerk of the Court will be directed to substitute Shannon Withers as the Respondent in this proceeding

[2] Coates has since been transferred to the United States Penitentiary-Beaumont in Beaumont, Texas, where he is presently confined.

1

Coates's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Coates's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). For the reasons set forth below, Coates is not entitled to relief under § 2241. His habeas petition will be denied and this proceeding will be dismissed.

## I

Coates is a D.C. Code offender. In 1994, Coates was convicted of two counts of Armed Robbery in the District of Columbia Superior Court in Washington, D.C., and received an indeterminate prison sentence of 9 years to 27 years.[3] Coates became eligible for parole in 1996, but has yet to be paroled.

It appears that Coates's most recent parole hearing was conducted at USP-McCreary on April 24, 2012.[4] The hearing examiner evaluated his case under the 1987 guidelines of the former District of Columbia Board of Parole, in compliance with the Commission's regulation at 28 C.F.R. § 2.80(o), as amended by 74 Fed. Reg. 58540-44 (Nov. 13, 2009). The hearing examiner found that due to Program Achievement since his last parole hearing, Coates had improved his prior grid score under the 1987 Board guidelines from a score of 3 to a score of 2, indicating that parole should be granted at that time. However, for a number of reasons, the

---

[3] Jurisdiction over D.C. Code offenders, was transferred to the USPC on August 5, 1998, and the USPC assumed jurisdiction over D. C. Code offenders sentenced to parolable sentences, and over D.C. parolees, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998). *See also* D.C. Code 24-409; D.C. Code Ann. § 24-131(a) (formerly § 24-1231); *Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).

[4] In the USPC's Notice of Action dated June 1, 2012, issued subsequent to the April 24, 2012, parole hearing, Coates was denied parole and was continued for rehearing in April 2013. However, by letter dated April 25, 2013, Coates advised the Court that he had been transferred to USP-Beaumont in Beaumont, Texas. Given this transfer, the Court presumes that Coates did not have the statutory interim hearing that was planned for April 2013 and that

2

hearing examiner recommended a departure from the guidelines, that parole be denied, and that Coates be continued for a rehearing in April 2013, after service of another twelve months. [R. 1-1, p. 6]. The reasons cited were that (1) while Coates had enrolled in the C.O.D.E./Challenge Program, he did not complete it because he was removed from the program due to insolence, (2) he had received a UDC sanction subsequent to the last parole hearing, (3) he was in the Special Housing Unit at the time of his parole hearing, and there was a pending DHO for Theft of a Staff Member's Time and Attendance (T&A) form (however, because this DHO had not been adjudicated, the hearing examiner did not consider it at Coates's parole hearing). [R. 1-1, pp. 4-5].

The USPC considered the examiner's Hearing Summary and concurred with his recommendation to deny parole, finding that there was a reasonable probability that Coates would not obey the law if released and that his release would endanger the public safety. The USPC concluded that Coates was a more serious parole risk than shown by his grid score for the following reasons:

> You are a more serious parole risk than shown by your point score because specifically, as noted on your previous Notice of Action, the Commission recommended that you complete the C.O.D.E./Challenge Program and remain incident report free prior to your next parole consideration. Though you have not sustained any disciplinary reports that warrant an adjustment to your point score, you have not been totally compliant with the rules of the institution as evidenced by an incident that was handled by the Unit Disciplinary Committee in 2011. As such, you did not complete the C.O.D.E./Challenge Program as recommended by the Commission and the Commission believes you need to complete that program in order to remain crime free in the community.

[R. 1-1, p. 3]

---

he has not yet had such hearing. As of this writing, there is nothing of record to indicate that Coates has had a

**II**

At the outset, it is well settled that there is no constitutional right to parole. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979); *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Further, the USPC's decision to deny Coates's parole was a decision committed to its discretion and is insulated from judicial review. *Farkas v. United States*, 744 F.2d 37, 38-39 (6th Cir. 1984).

Even if this were not the case, this Court can find no fault with the USPC for imposing the condition on Coates that prior to being released on parole, he must complete the Bureau of Prisons ("BOP") C.O.D.E./Challenge Program. The fact that Coates is a D.C. prisoner who was convicted in the District of Columbia Superior Court in Washington, D.C., rather being a BOP prisoner who was convicted in a United States District Court, is of no consequence. As previously stated herein, jurisdiction over D.C. prisoners was transferred to the USPC in 1998; thus, the USPC is clearly authorized to decide whether Coates has shown that he has been rehabilitated and has proven to the satisfaction of the USPC that if paroled, he would be a responsible citizen and would not endanger the public safety. Given Coates's history of disciplinary infractions while incarcerated (33 up until 2009), his being expelled from the C.O.D.E./Challenge Program, and the pending DHO that had not been resolved at the time of the April 2012 parole hearing, the USPC had good reason to question whether Coates could remain crime-free in the community if released on parole at that time. For these reasons, the USPC's decision to depart from the parole guidelines and to impose the requirement that Coates complete the BOP's C.O.D.E./Challenge Program and remain incident-report free for one year prior to being paroled is very reasonable and is certainly not arbitrary and capricious. Coates's ability to

---

statutory interim hearing in 2013. [R. 1-1, p. 3]

achieve those two tasks may help to persuade the USPC that if he is paroled, he will be law-abiding and will not be a menace to society.

In short, Coates is entitled to a parole decision based upon the 1987 District of Columbia Guidelines. The USPC conducted a parole hearing in April 2012, in compliance with the 1987 D.C. Guidelines, and for very good reasons denied Coates parole at that time. The USPC determined that Coates should be reconsidered for parole in another year, at a statutory interim hearing in April 2013. Irrespective of whether Coates has since had a reconsideration hearing and/or what the USPC's decision was following that hearing, Coates has no automatic right to be released on parole. Coates is lawfully imprisoned for crimes of which has been convicted. Therefore, his application for habeas corpus relief must be denied and this matter will be dismissed.

Accordingly, it is hereby **ORDERED** that:

1. The Clerk of the Court shall substitute Shannon Withers, the Acting Warden of USP-McCreary, as the respondent to this proceeding, in place of former Warden J. C. Holland;

2. Deon D. Coates's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**;

3. Any other pending motion is likewise **DENIED**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

4. Judgment shall be entered this date in favor of the Respondent.

This 1st Day of July, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge